**David MORRIS, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., Mike DeMarzo, Local 804, International Brotherhood of Teamsters, AFL–CIO, Defendants–Appellees.**

No. 02–7720.

United States Court of Appeals,
Second Circuit.

May 19, 2003.

David V. Morris, East Elmhurst, NY, for Appellant, pro se.

Richard N. Gilberg (Richard A. Brook, on the brief), Meyer Suozzi English & Klein PC, New York, NY, for Appellee Local 804, International Brotherhood of Teamsters, AFL–CIO.

Richard A. Levin, Proskauer Rose LLP, New York, NY, for Appellees United Parcel Service, Inc. and Mike DeMarzo.

PRESENT: KEARSE, CABRANES and STRAUB, Circuit Judges.

AMENDED SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of May two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the judgment entered November 28, 2001 is hereby DISMISSED for lack of appellate jurisdiction and the order entered April 26,

2002 denying plaintiff's motion for reconsideration is hereby AFFIRMED.

## I.

Plaintiff David V. Morris appeals from a judgment of the District Court entered November 26, 2001, granting defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56, on the grounds that no material issues of fact requiring a trial exist and defendants are entitled to judgment as a matter of law. *See Morris v. United Parcel Serv., Inc.*, No. 98 Civ. 7353 (S.D.N.Y. Nov.28, 2000). Plaintiff also appeals from the District Court's order entered April 26, 2002, denying plaintiff's motion for reconsideration and adopting the Report and Recommendation of Magistrate Judge Ronald L. Ellis dated June 13, 2001.

Plaintiff, a former employee of United Parcel Service, Inc. ("UPS"), brought an action against UPS and his union, Local 804, International Brotherhood of Teamsters, AFL–CIO ("Local 804"), alleging that (1) UPS discharged him in violation of the collective bargaining agreement between UPS and Local 804, and (2) Local 804 violated its duty to represent him fairly at the arbitration hearing regarding his discharge. *Id.* The District Court granted summary judgment in favor of defendants, holding that the arbitrator's decision–finding that UPS had just cause to discharge plaintiff and that Local 802 had adequately represented plaintiff–was correct. *See id.* The District Court also denied plaintiff's motion for reconsideration after finding that it had neither overlooked controlling decisions, nor failed to consider factual matters that were put before the court. *See Morris*, No. 98 Civ. 7353 (S.D.N.Y. Apr.26, 2002).

## II.

We do not reach plaintiff's substantive arguments regarding the November 26, 2001 order granting summary judgment to defendants because Morris' appeal is untimely. Judgment was entered November 28, 2001 and Morris did not file his notice of appeal until May 30, 2002, approximately five months after the thirty-day deadline under Federal Rule of Appellate Procedure 4(a). This deadline is jurisdictional. *See, e.g., Lichtenberg v. Besicorp, Inc.*, 204 F.3d 397, 401 (2d Cir.2000).

Plaintiff's appeal of the denial of the motion for reconsideration is timely. The Court entered judgment on May 1, 2002 on the April 26, 2002 order denying plaintiff's motion for reconsideration. Plaintiff's notice of appeal was filed on May 30, 2002, within the thirty-day deadline for filing an appeal. *See* Fed. R.App. P. 4(a). Plaintiff alleged that the District Court's decision granting summary judgment was "not in accord with the competent and compelling evidence in the case." In its order denying the motion for reconsideration, the Court observed that the motion had been brought pursuant to Local Civil Rule 6.3, which permits a party to seek reconsideration when the court has overlooked controlling decisions or data, or failed to consider factual matters which were presented to the Court. The District Court found that none of Morris' arguments met this standard and, accordingly, denied his motion in an order of April 26, 2002, and entered judgment accordingly.

We review a District Court's ruling on a motion for reconsideration for abuse of discretion. *See, Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). We find no abuse of discretion in the District Court's ruling on the motion for reconsideration.

## CONCLUSION

We have considered all of plaintiff's claims on appeal, and we hereby DISMISS

the appeal as untimely insofar as it seeks to appeal the judgment entered November 28, 2001, and we AFFIRM the April 26, 2002 order of the District Court denying plaintiff's motion for reconsideration.